### No. 9124
### Orleans

MARIANO P. DIAZ v. FRANK H. KILLEEN, Appellant

(December 14, 1925, Opinion and Decree)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Evidence—Par. 252, 256; Fraudulent Conveyances—Par. 117, 120.

Plaintiff, seeking to vary the terms of a written contract, must allege and prove fraud or error.

Appeal from Civil District Court. Hon. Porter Parker, Judge.

This is a suit to collect two promissory notes. The defense is partial failure of consideration.

There was judgment for plaintiff as prayed for and defendant appealed.

Judgment affirmed.

Arthur Miller, of New Orleans, attorney for plaintiff, appellee.

Hugh S. Suthon and Fred Zingle, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   Plaintiff brings this suit upon two promissory notes each for the sum of $375.00, a total of $750.00, representing the credit portion of the purchase price of plaintiff's interest in the "La Bonita Grocery Co.", which was sold to defendant under the following agreement:

"To Whom It May Concern:

"This is to certify that we, the undersigned, have this day entered into an agreement to dissolve the partnership known as the 'La Bonita Grocery Co.', consisting of Frank H. Killeen and Mariano P. Diaz.

It is hereby agreed that I, Mariano P. Diaz, have this day sold to Frank H. Killeen my interest in said partnership for the price and sum of one thousand and 00-100 ($1000.00) dollars, and I, Frank H. Killeen, hereby accept and purchase said interest at said stipulated price.

"It is further agreed that I, Frank H. Killeen, hereby accept the said interest and further release Mariano P. Diaz from any liability on any outstanding bill which I hereby accept and acknowledge as my own personal obligation.

"The terms and conditions of this sale, which is an outright sale, is two hundred and fifty ($250.00) dollars cash, and two certain promissory notes, each for the sum of three hundred and seventy-five and 0-100 ($375.00) dollars, dated 90 days after date and 180 days after date, bearing interest at the rate of seven per cent.

"Witness our hands the day and date first above written.

"FRANK H. KILLEEN.
"MARIANO C. DIAZ.

"Witness:

"GEO. P. PLATT.
"W. LOUIS LEE.
"JOS. F. STINE.

"It is hereby further agreed that we, the undersigned, release each other from any personal claims which we have or may have arising from any and all transactions arising from said partnership, the one against the other.

"FRANK H. KILLEEN.
"MARIANO C. DIAZ."

Defendant admits the purchase and execution of the notes but pleads partial failure of consideration because, it is alleged, plaintiff represented the bills receivable of the grocery store to be larger and the bills payable smaller than they actually were by several hundred dollars in each instance, which "constituted fraudulent misrepresentation by plaintiff which misled this defendant".

There was judgment for plaintiff as prayed for and defendant has appealed.

We find no evidence whatever of fraud in the transaction culminating in the sale of the interest of plaintiff in the "La Bonita Grocery Co.". The store was originally exclusively owned by defendant, who permitted plaintiff to acquire a one-half interest therein because defendant was engaged in other activities and required more time away from the grocery business. The partnership thus formed endured for several years, when defendant desired to get rid of plaintiff and resume the entire control of the business. The contracts of sale of plaintiff's interest for $1000.00 was the result of negotiations looking to the dissolution of the partnership. The evidence indicates that there was some difficulty in arriving at a figure which plaintiff would accept and defendant willing and able to offer. Both plaintiff and defendant were represented by agents in the transaction chosen for their knowledge of accounts and of the grocery business. Some statements were made by plaintiff in the course of the negotiations concerning the bills receivable and bills payable, and it appears that the figures given were inaccurate, but there is no evidence that plaintiff undertook to do more than give his opinion that figures presented were correct. He did not guarantee nor warrant their accuracy. If it were otherwise the contract finally agreed upon would have reflected the understanding of the parties in this regard. As it is, there is no word of guarantee nor any reference to anything except terms of purchase; moreover, there is added the following in handwriting to the typewritten agreement:

"It is further agreed that I, Frank H. Killeen, hereby accept the interest of Mariano P. Diaz, and further release Diaz from any liability on any outstanding bill which I hereby accept and acknowledge as my own personal obligation."

The fact that no guarantee of the amount of bills payable or bills receivable was in contemplation of the parties is further shown by the manner in which the sum of $1000.00 agreed upon was arrived at. Five hundred was first offered by defendant and later increased to $750.00 and ultimately to $1000.00. Plaintiff originally demanded $1500.00 and yielded $500.00 of this amount to reach an agreement with defendant. This method of trading precludes the idea of a guarantee of figures discussed in the absence of any reference thereto in the written agreement finally confected.

Having failed to establish fraud, the written contract between the parties must be considered as expressive of the terms of the agreement.

For the reasons assigned the judgment appealed from is affirmed.